**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class YEDEYCHEM MANN**
**United States Air Force**

**ACM 38124 (recon)**

**17 July 2014**

Sentence adjudged 22 March 2012 by GCM convened at Travis Air Force Base, California. Military Judge: W. Shane Cohen.

Approved sentence: Bad-conduct discharge; confinement for 73 days; a fine of $2,775.00; and reduction to E-1.

Appellate Counsel for the Appellant: Major Tiwana L. Wright; Major Matthew T. King; and Captain Michael A. Schrama.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Daniel J. Breen; Major Erika L. Sleger; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant pled guilty to one specification of conspiracy to steal military property of a value of more than $500 and one specification of stealing military property of a value of more than $500, in violation of Articles 81 and 121, UCMJ, 10 U.S.C. §§ 881, 921. He was sentenced to a bad-conduct discharge, confinement for 73 days, a fine of $2,775.00, and reduction to E-1. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq.*," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning, (25 June 2013).

When the appellant's case was originally before us, he argued his sentence was inappropriate.

On 16 July 2013, we issued a decision affirming the approved findings and sentence in the appellant's case.[1] *United States v. Mann*, ACM 38124 (recon) (A.F. Ct. Crim. App. 16 July 2013) (unpub. op.). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel. The appellant moved our superior court to vacate the decision on the basis of Mr. Soybel's participation, and on 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. *United States v. Mann*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding the Secretary of Defense did not have the legislative authority to appoint appellate military judges, and his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors asserting he is entitled to relief due to excessive post-trial processing delays. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

---

[1] After the appointment of Mr. Lawrence Soybel by the Secretary of Defense on 25 June 2013, this Court sua sponte reconsidered its 15April 2013 opinion and issued a new opinion on 16 July 2013. The two panels had identical members.

*Background*

The appellant, a promising and well-liked young Airman, and his co-conspirator, Airman First Class (A1C) DR, teamed up with a civilian friend of theirs to steal an aerospace ground generator used to power military aircraft while it was being serviced. The generator was several years old, but the Air Force paid approximately $73,000 for it when it was new. The appellant had parked it in a parking lot on base several weeks before he and his friends stole it. They decided to steal it after observing no one had realized it was missing. The scheme was the appellant's idea. He wanted the generator because its diesel motor was one he thought could be installed in an old pickup truck he owned. Early one morning, the three friends decided to take the generator using A1C DR's truck and a trailer belonging to the civilian friend. The plan was to push the generator into the trailer and remove it from base.

At 0230 in the morning, the three got into A1C DR's truck, with the appellant driving because A1C DR had been drinking. They drove to where the generator was parked on-base but, because of its size, could not fit it into the trailer. At this juncture, A1C DR got into the back seat of his truck and passed out. The appellant parked the trailer in another parking lot, returned to the generator, attached it to the truck's trailer hitch, and simply hauled it off base. No one questioned him when he drove off base. A1C DR was passed out when the generator was removed from the base and only realized they had successfully taken it when he awoke the next morning. He eventually helped the appellant install the engine in the appellant's truck.

For his part in the scheme, A1C DR was court-martialed for stealing military property of a value of more than $500. The convening authority approved the adjudged sentence of hard labor without confinement for 90 days, restriction to the limits of Travis Air Force Base for 60 days, and reduction to E-2.

*Sentence Appropriateness*

The appellant claims his sentence is inappropriately severe, given the disparity between his sentence and his co-conspirator's, despite the closely related nature of their offenses.

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not

authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Additionally, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). Sentence comparison is not required unless this Court finds that any cited cases are "closely related" to the appellant's case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999), *quoted in Sothen*, 54 M.J. at 296. Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Lacy*, 50 M.J. at 288. The "appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.' If the appellant meets that burden . . . then the Government must show that there is a rational basis for the disparity." *Id.*

In light of the differences between the appellant and A1C DR's involvement and benefit from the theft, also taking into account the appellant's individual circumstances, we do not conclude that his sentence was inappropriately severe compared to A1C DR's sentence. Their actions in carrying out the theft were highly disparate in that the appellant was the primary actor. It was the appellant who hatched the plan and prepositioned the generator weeks before the actual theft. The appellant drove the vehicle on base, hooked it up to the truck, and then drove off base with the generator. While A1C DR was a willing participant, the theft benefited only the appellant as it was he who received the motor and was able to install it in his truck. There was no evidence that A1C DR was unjustly enriched at all. Indeed, when the time came, he was incapable of even carrying out the theft due to his intoxication. Additionally, we note the appellant had previously received four letters of counseling and two letters of reprimand. Comparing the differences and similarities between the two cases, we believe a rational basis exists for the difference between the two sentences.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006) (citations omitted). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is

not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id*. at 136; *United States v. Roach*, 69 M.J. 17 (C.A.A.F. 2010).

This case was originally docketed for appeal on 15 May 2012, and this Court rendered a decision on 16 July 2013. This was under the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ.

---

[2] U.S. CONST. art II § 2, cl 2.

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court