# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman DANIEL M. BLAIR
## United States Air Force

## ACM S32028 (recon)

## 22 July 2014

Sentence adjudged 16 February 2012 by SPCM convened at Hurlburt Field, Florida.  Military Judge:  Joshua E. Kastenberg (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 9 months, forfeiture of $500.00 pay per month for 9 months, and reduction to E-1.

Appellate Counsel for the Appellant:  Major Scott W. Medlyn; Captain Christopher D. James; and Captain Michael A. Schrama.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Rhea A. Lagano; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of one specification of wrongful use of cocaine, in violation of

Article 112a, UCMJ, 10 U.S.C. § 912a.[1]  The military judge sentenced the appellant to a bad-conduct discharge, confinement for 9 months, forfeiture of $500.00 pay per month for 9 months, and reduction to E-1.  The convening authority approved the sentence as adjudged.

This was the appellant's second court-martial.  On 27 October 2011, a panel of officer members sitting as a special court-martial convicted the appellant of one specification of wrongful use of cocaine, in violation of Article 112a, UCMJ, and sentenced him to hard labor without confinement for 3 months, restriction to the limits of Hurlburt Field for 2 months, forfeiture of $822.00 pay per month for 6 months, reduction to E-2, and a reprimand.

*Procedural History*

On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, the appellant raised two issues for our consideration:   ineffective assistance of counsel and sentence severity.[2]

On 13 August 2013, we issued a decision denying the appellant relief. *United States v. Blair*, ACM S32028 (A.F. Ct. Crim. App. 13 August 2013) (unpub. op.). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel.  The appellant moved to vacate the decision on the basis of Mr. Soybel's participation.  On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration.  On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2013), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the appellant's motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors.  In a supplemental assignment of error, the appellant asserts he is entitled to relief due to unreasonable appellate delay.  With a properly constituted panel, we have reviewed the

---

[1] In early November 2011, the appellant bought some cocaine from a civilian named "G."  He used the cocaine to help calm his anger over his wife drinking alcohol.  About eight hours after using the cocaine, the appellant's squadron had a unit-wide urinalysis.  The appellant tested positive for cocaine.
[2] Both issues were  raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Ineffective Assistance of Counsel*

The appellant argues that his trial defense counsel was ineffective when he failed to advise him about his options for waiver and deferment of forfeitures. We disagree and find that trial defense counsel was not ineffective during his post-trial representation of the appellant. An additional fact-finding hearing is not necessary for us to resolve this issue. *See United States v. Ginn*, 47 M.J. 236, 244 (C.A.A.F. 1997).

This Court reviews claims of ineffective assistance of counsel de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). When reviewing such claims, we follow the two-part test outlined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Our superior court has applied this standard to military courts-martial, noting that "[i]n order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *Mazza*, 67 M.J. at 474).

The right to effective representation extends to post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). Defense counsel is responsible for post-trial tactical decisions but should act "after consultation with the client where feasible." *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994) (citation omitted). Defense counsel may not "submit matters over the client's objection." *United States v. Hood*, 47 M.J. 95, 97 (C.A.A.F. 1997) (citation omitted).

We need not decide if defense counsel was deficient during post-trial representation if the second prong of *Strickland* regarding prejudice is not met. *United States v. Saintaude*, 61 M.J. 175, 183 (C.A.A.F. 2005). Our superior court has held that "[e]rrors in post-trial representation can be tested for prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citing *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997)). The appellant need only make a "colorable showing of possible prejudice." *Id.* (internal quotation marks and citation omitted).

The appellant has not made a colorable showing of possible prejudice. Instead, we find the appellant's trial defense counsel properly advised the appellant about his options for deferment or waiver of forfeitures. The record shows that on 15 February 2012, the appellant signed a form entitled "Post-Trial and Appellate Rights Advisement." Paragraph four of that document outlines the appellant's rights for deferment or waiver of forfeiture of pay. On page five, the appellant's defense counsel signed the document

attesting that he fully counseled the appellant, both orally and in writing, about his post-trial and appellate rights. The appellant also signed the form attesting that he read and understood those rights. The record also shows the appellant answered in the affirmative when the military judge asked him if his counsel had explained those rights to him.

Moreover, trial defense counsel confirms in his affidavit that he reviewed the post-trial rights with the appellant. He states that he explained to the appellant the possibility of deferment or waiver of forfeitures for his wife and encouraged the appellant to set up a bank account for this purpose. The appellant did not follow his advice and indicated to his counsel that he did not wish to request deferment or waiver of forfeitures. The same defense counsel also represented the appellant in his first court-martial in October 2011 and states that he advised the appellant about deferment or waiver of forfeitures as part of that proceeding. The appellant opted not to seek any deferments or waivers. Based on having advised the appellant twice about these rights, trial defense counsel contends that the appellant's decision to forego his rights was voluntary and fully informed. We agree.

*Sentence Severity*

The appellant next argues that his sentence consisting of a bad-conduct discharge is inappropriately severe. To support his claim, the appellant cites his lengthy service, multiple deployments, and ongoing medical treatment for injuries sustained on active duty. We find the appellant's argument unpersuasive.

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We next consider whether the appellant's sentence was appropriate "judged by 'individualized consideration' of [the appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other

matters contained in the record of trial. This was the appellant's second court-martial for wrongful use of cocaine. His first court-marital ended four months earlier and resulted in a sentence without a punitive discharge. About two weeks after his first court-martial adjourned, the appellant knowingly and voluntarily used cocaine again. Under these circumstances, we find that the approved sentence was clearly within the discretion of the convening authority, was appropriate in this case, and was not inappropriately severe.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006) (citations omitted). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id.* at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was originally docketed for appeal on 13 March 2012, and this Court rendered a decision on 13 August 2013, within the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about

whether the Secretary of Defense has the authority under the Appointments Clause[3] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist

---

[3] U.S. CONST. art. II, § 2, cl. 2.

　ACM S32028 (recon)