# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant SHARMAINE L. LATHAM
### United States Air Force

## ACM 38107 (recon)

## 24 July 2014

Sentence adjudged 11 January 2012 by GCM convened at Kirtland Air Force Base, New Mexico. Military Judge: Jeffrey A. Ferguson (sitting alone).

Approved sentence: Dishonorable discharge, confinement for 50 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Travis K. Ausland; Captain Michael A. Schrama; Captain Thomas A. Smith; and Dwight H. Sullivan, Esquire.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Jason M. Kellhofer; and Gerald R. Bruce, Esquire.

Before

ALLRED, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant was convicted, in accordance with her pleas, by a military judge sitting as a general court-martial of one specification of willful dereliction of duty, three specifications of wrongful appropriation, and six specifications of identity theft, in violation of Articles 92, 121, and 134, UCMJ, 10 U.S.C. §§ 892, 921, 934. The military

judge sentenced the appellant to a dishonorable discharge, confinement for 50 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, the appellant argued her sentence was inappropriately severe.

On 18 July 2013, we issued a decision denying the appellant relief.[1] *United States v. Latham*, ACM 38107 (recon) (A.F. Ct. Crim. App. 18 July 2013) (unpub. op.). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel. The appellant moved to vacate the decision on the basis of Mr. Soybel's participation. On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. *United States v. Latham*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2013), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the appellant's motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. In a supplemental assignment of error, the appellant asserts she is entitled to relief due to unreasonable appellate delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

---

[1] After the appointment of Mr. Soybel by the Secretary of Defense on 25 June 2013, this Court sua sponte reconsidered its 7 May 2013 opinion and issued a new opinion on 18 July 2013. The two panels had identical members.

*Background*

The appellant worked as a customer support administrator in information management at the Air Force Operational Test and Evaluation Center. This position gave her access to social security numbers, birthdates, and other Personal Identifying Information (PII) of current and former Airmen. In 2010, the appellant took social security numbers and other PII from unit members who had transferred to another duty station or who had retired. In addition, the appellant accessed a paid Internet site that gave her other information about the individuals, such as where they currently worked, their maiden or married name, and their mother's maiden name. The appellant used the victims' PII to apply for accounts and credit with various companies, such as cable and satellite television companies and credit card companies.

The appellant was originally charged with four specifications of larceny. She entered into a pretrial agreement (PTA) with the convening authority that required her to plead guilty to two of those specifications as charged and to the lesser-included offense of wrongful appropriation in a third larceny specification. The PTA provided that no more than 30 months of confinement would be approved. The appellant entered pleas as provided by the PTA. During the providence inquiry into Specification 1 of Charge III, however, the appellant stated that she always intended to repay the money she fraudulently obtained from Discover Card Services. During a discussion of how those statements affected the PTA, trial defense counsel indicated that the appellant would make similar statements regarding her intent as to the money she fraudulently obtained from Bank of America Visa, as alleged in Specification 2 of Charge III. The military judge obtained the parties' concurrence that, because he had to reject the plea of guilty to larceny as to those two specifications, the PTA was no longer in effect.

The military judge ultimately entered pleas of guilty on the appellant's behalf to wrongful appropriation for Specifications 1 and 2 of Charge III. The Government elected not to proceed on the greater larceny offenses. The military judge then found the appellant guilty of, among other offenses, the lesser-included offense of wrongful appropriation under Specifications 1 and 2 of Charge III, but not guilty of larceny. The military judge sentenced the appellant to a dishonorable discharge, confinement for 50 months, and reduction to E-1.

*Sentence Severity*

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service,

and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Additionally, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). Sentence comparison is not required unless this Court finds that any cited cases are "closely related" to the appellant's case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999), *quoted in Sothen*, 54 M.J. at 296. Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *See Lacy*, 50 M.J. at 288. The "appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.' If the appellant meets that burden . . . then the Government must show that there is a rational basis for the disparity." *Id.*

The appellant argues her sentence is too severe when compared to five other military cases she found on identity theft. The appellant further argues her sentence to 50 months of confinement exceeds the 30 month cap the convening authority had agreed to in the canceled PTA for offenses greater than those of which she was convicted. Finally, the appellant argues her sentence to 50 months of confinement was greater than the 4 year sentence proposed by trial counsel in the sentencing argument.

We decline the appellant's invitation to engage in sentence comparison. We are aware that we have the discretion to consider sentences in other courts-martial when reviewing a case for sentence appropriateness. *See United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001). The appellant asserts that the average amount of confinement approved in the five cases she cites to us was 30 months, far less than the 50 months of confinement she received in her case. We have reviewed these cases and find them unpersuasive. The facts and mix of charges and specifications in those cases vary significantly from the facts and mix of charges and specifications in the appellant's case. The appellant has failed to show how these cases are closely related to her case. They do not involve "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *See Lacy*, 50 M.J. at 288. We find that sentence comparison is not warranted.

We also find the appellant's additional arguments to be without merit. Based on the appellant's statements during the providency inquiry, the military judge rejected the

plea of guilty to the two larceny specifications, as contemplated in the PTA. This, in turn, nullified its terms, including the cap of confinement for 30 months. Trial counsel, trial defense counsel, and the appellant understood and concurred that the PTA was no longer viable, which in turn increased the appellant's sentence exposure. We also note that trial counsel's recommended sentence of four years of confinement was a legally permissible sentence and was only 2 months shy of the 50 months adjudged by the military judge.

We next consider whether the appellant's sentence was appropriate "judged by 'individualized consideration' of the particular [appellant] 'on the basis of the nature and seriousness of the offense[s] and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). The appellant's criminal behavior was prejudicial to good order and discipline and brought discredit upon the Air Force, the unit, and the appellant herself. Most aggravating is the fact that the appellant, a noncommissioned officer, used her position as a customer support administrator to take and use the personal information of other Airmen for her own benefit. Two of the appellant's identity theft victims testified in sentencing. One victim, a retired master sergeant who had served with the appellant, described the experience as "an absolute nightmare" and expressed having feelings of shock and anger upon learning another Airman had stolen her identity. Another victim, a former military member, testified how the appellant's actions affected her credit score negatively and impacted her ability to obtain the top secret security clearance she needed for her job. She was "disillusioned" and "disappointed" upon learning that an active duty military member had stolen her identity.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. We find the approved sentence was clearly within the discretion of the convening authority, was appropriate in this case, and was not inappropriately severe.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [her] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and

our superior court is within the 18-month standard. *See id*. at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was originally docketed for appeal on 4 April 2012, and this Court rendered a decision on 18 July 2013, within the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ.

---

[2] U.S. CONST. art. II, § 2, cl. 2.

Accordingly, the approved findings and sentence are

AFFIRMED.

HARNEY, Senior Judge, participated prior to retirement.


FOR THE COURT

STEVEN LUCAS
Clerk of the Court