UNITED STATES, Appellee

v.

James L. MACKIE, Airman First Class
U.S. Air Force, Appellant

No. 13-0184

Crim. App. No. S31090

United States Court of Appeals for the Armed Forces


Decided April 19, 2013

PER CURIAM

Counsel


For Appellant:  Captain Luke D. Wilson.

For Appellee:  Gerald R. Bruce, Esq.

Military Judges:  James L. Flanary (court-martial) and Amy M. Bechtold (DuBay hearing)


**This opinion is subject to revision before final publication.**

United States v. Mackie, No. 13-0184/AF

PER CURIAM:

We grant review of this case to clarify that even after an initial appellate court decision, the Moreno standard for speedy post-trial review is still applicable as the case continues through the appellate process.[1]  See United States v. Moreno, 63 M.J. 129, 142 (C.A.A.F. 2006).  However, we conclude that the post-trial delay was harmless beyond a reasonable doubt.  United States v. Allison, 63 M.J. 365, 371 (C.A.A.F. 2006).

Mackie was tried and convicted, pursuant to his pleas, at a special court-martial by military judge alone on September 2, 2006.[2]  On September 24, 2007, the United States Air Force Court of Criminal Appeals (CCA) conducted its initial appellate review of the case.  United States v. Mackie, 65 M.J. 762 (A.F. Ct. Crim. App. 2007).  It determined that the military judge improperly denied Mackie's pretrial request for a sanity board under Rule for Courts-Martial 706 and returned the record of trial to the Judge Advocate General of the Air Force (JAG) to be

---

[1] We grant review on the following assigned issue:  "Whether Appellant has been denied due process by extensive post-trial delays."

[2] Mackie was convicted of absence without leave, operating a motor vehicle while impaired, larceny, and burglary.  Articles 86, 111, 121, and 129, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 911, 921, 929 (2006).  He was sentenced to a bad-conduct discharge, confinement for seven months, and reduction to pay grade E-1.  On April 11, 2006, pursuant to a pretrial agreement, the convening authority reduced the confinement to six months, but otherwise approved the sentence.

sent to an appropriate convening authority who may order a sanity board.  Id. at 765.  Over five years later, on October 24, 2012, the CCA completed its appellate review of this case and affirmed the findings and sentence.  United States v. Mackie, No. ACM S31090 (f rev), 2012 CCA LEXIS 412, at *15, 2012 WL 5392410, at *6 (A.F. Ct. Crim. App. Oct 24, 2012).  In rejecting Mackie's argument that he had been denied due process by the extensive post-trial delay, the CCA interpreted our holding in United States v. Roach, 69 M.J. 17 (C.A.A.F. 2010), to mean that the post-trial appellate delay standard set out in Moreno does not apply when:  (1) the delay occurred after an initial appellate decision and (2) the delay was not malicious. Id., 2012 WL 5392410, at *5.

In Roach, nineteen months of delay occurred after the initial appellate decision by the CCA.  Roach, 69 M.J. at 22. This delay facially violated the Moreno presumption.  Id.  But during those nineteen months, this court twice became involved to resolve legitimate legal issues.  None of the periods of time between the actions of the CCA and this court exceeded the Moreno standard, nor did they implicate concerns of "malicious delay."  Id. (internal quotation marks omitted).  Therefore, we concluded that the Moreno presumption of unreasonable delay was not triggered.  Id.  We did not conclude that Moreno is

3

inapplicable in the wake of an initial appellate decision unless there is malicious delay.

Here, the CCA initially returned the case to the JAG to be sent to a convening authority who was authorized to order a sanity board.  That sanity board was conducted, but the convening authority took no further action on the case for over two years.  Our decision in Moreno is equally applicable in this factual situation and the CCA erred in concluding otherwise. Nevertheless, we are convinced that the delay in this case was harmless beyond a reasonable doubt.  See Allison, 63 M.J. at 371.

## Decision

The decision of the United States Air Force Court of Criminal Appeals, as modified, is affirmed.