**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class GREGORY D. WEBB**
**United States Air Force**

**ACM 38071 (recon)**

**22 July 2014**

Sentence adjudged 17 November 2011 by GCM convened at Eglin Air Force Base, Florida.  Military Judge:  W. Thomas Cumbie (sitting alone).

Approved sentence:  Bad-conduct discharge, confinement for 12 months, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Christopher D. James.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Rhea A. Lagano; Major Erika L. Sleger; and Gerald R. Bruce, Esquire. (Appellate Gov't Intern – Allison R. Barbo)

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

A general court-martial composed of a military judge alone convicted the appellant in accordance with his pleas of committing indecent acts; communicating indecent language to a child under the age of 16 years; inducing a minor to engage in sexually explicit conduct; and possessing child pornography, in violation of Articles 120

and 134, UCMJ, 10 U.S.C. §§ 920, 934. The court sentenced him to a bad-conduct discharge, confinement for 18 months, and reduction to E-1. In accordance with a pretrial agreement, the convening authority approved the bad-conduct discharge and reduction to E-1, but only 12 months of the adjudged confinement.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was originally before us, he argued he had received ineffective assistance of counsel during the post-trial clemency phase.

On 18 July 2013, we issued a decision denying the appellant relief.[1] *United States v. Webb*, ACM 38071 (recon) (A.F. Ct. Crim. App. 18 July 2013) (unpub. op.). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel. The appellant moved to vacate the decision on the basis of Mr. Soybel's participation. On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. *United States v. Webb*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors asserting he is entitled to relief due to excessive post-trial processing delays. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and

---

[1] After the appointment of Mr. Soybel by the Secretary of Defense on 25 June 2013, this Court sua sponte reconsidered its 24 April 2013 opinion and issued a new opinion on 18 July 2013. The two panels had identical members.

the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Background*

In a declaration submitted in support of his assignment of errors, the appellant claimed his counsel explained the clemency process but failed to discuss his clemency submissions with him. In a responsive declaration, the appellant's trial defense counsel stated he discussed clemency by phone with the appellant and that the appellant sent a personal clemency letter to him for submission to the convening authority. Trial defense counsel made a reasoned tactical decision to submit the appellant's letter unpolished with legalese to convey a "more honest" perception of the appellant. In his clemency statement, the appellant asked for a further reduction in confinement, explaining, as he did at trial, that he recognized the wrongfulness of his conduct and would work with sex offender counselors.

This Court reviews claims of ineffective assistance of counsel de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). When reviewing such claims, we follow the two-part test outlined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Our superior court has applied this standard to military courts-martial, noting that "[i]n order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *Mazza*, 67 M.J. at 474).

The right to effective representation extends to post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). Defense counsel is responsible for post-trial tactical decisions but should act "after consultation with the client where feasible." *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994) (citation omitted). Defense counsel may not "submit matters over the client's objection." *United States v. Hood*, 47 M.J. 95, 97 (C.A.A.F. 1997) (citation omitted).

We need not decide if defense counsel was deficient during post-trial representation if the second prong of *Strickland* regarding prejudice is not met. *United States v. Saintaude*, 61 M.J. 175, 183 (C.A.A.F. 2005). Our superior court has held that "[e]rrors in post-trial representation can be tested for prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citing *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997)). The appellant need only make a "colorable showing of possible prejudice." *Id.* (internal quotation marks and citation omitted). Taking the appellant's affidavit at face value and considering the allegations of prejudice contained therein, we hold the appellant has failed to demonstrate prejudice.

The appellant contacted the 13-year-old daughter of a close family friend by text message, induced her to send sexually explicit photographs to him, sent her a photograph of his exposed penis, and exchanged sexually explicit text messages with her. He faced a maximum of 47 years confinement, but the convening authority agreed to cap confinement at 12 months if the appellant pled guilty. Before taking action, the convening authority considered the appellant's clemency petition. Under these circumstances, the prospect of a further reduction in confinement by submission of additional clemency matters was extremely remote, and we find that the appellant has failed to make even a colorable showing of possible prejudice. *See United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998). Therefore, we "need not decide if defense counsel was deficient . . . because the second *Strickland* prong is not met." *Lee*, 52 M.J. at 53.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006) (citations omitted). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id.* at 136; *United States v. Roach*, 69 M.J. 17 (C.A.A.F. 2010).

This case was docketed for appeal on 23 January 2012, and this Court rendered its decision on 18 July 2013. This did not exceed the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay.

Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

### *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[2] U.S. CONST. art II § 2, cl 2.