**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman ZACHARY A. ZOLNOSKY**
**United States Air Force**

**ACM 38103 (recon)**

**24 July 2014**

Sentence adjudged 26 January 2012 by GCM convened at F. E. Warren Air Force Base, Wyoming. Military Judge:  Scott E. Harding (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 8 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant:  Major Zaven T. Saroyan.

Appellate Counsel for the United States:  Major Daniel Breen; Major Erika L. Sleger; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

At a general court-martial composed of a military judge, the appellant was arraigned on one specification of desertion; four specifications of being absent without leave (AWOL); two specifications of failure to obey a lawful regulation; and one specification of divers uses of marijuana, in violation of Articles 85, 86, 92, and 112a, UCMJ, 10 U.S.C. §§ 885, 886, 892, 912a.  He pled guilty to all charges and specifications except the charge of desertion, to which he pled not guilty, but guilty to the lesser included offense of AWOL.  He was found guilty of all charges and specifications

as charged. The adjudged and approved sentence consisted of a bad-conduct discharge, 8 months of confinement, forfeiture of all pay and allowances, and reduction to E-1.

*Procedural History*

On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning, (25 June 2013).

When the appellant's case was initially before us, the appellant asserted two errors: (1) his conviction for desertion under Article 85, UCMJ, was factually insufficient, and (2) the military judge abused his discretion by not admitting, under Mil. R. Evid. 803(3), a statement made by the appellant.

On 13 August 2013, we issued a decision affirming the approved findings and sentence in the appellant's case. *United States v. Zolnosky*, ACM 38103 (A.F. Ct. Crim. App. 13 August 2013) (unpub. op.). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel. The appellant moved to vacate the decision on the basis of Mr. Soybel's participation. On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. *United States v. Zolnosky*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors, asserting he is entitled to relief due to unreasonable appellate delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinion issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Mil. R. Evid. 803(3)*

Before ruling on the sufficiency of the evidence question, we first decide whether the military judge abused his discretion by excluding certain evidence. At trial, the defense sought to admit three statements the appellant made to his military escorts on the

trip back to base after his apprehension. The military judge admitted two of the statements: (1) that he "didn't really feel comfortable in the military;" and (2) that he "wanted to get discharged." The defense also sought to admit, the appellant's statement, under Mil. R. Evid. 803(3): "I was planning on coming back prior to the 30 days because I do understand that if I'm gone longer than 30 days I am automatically in deserter status." This statement would be used to show his intent to return. Responding to trial counsel's objection, trial defense counsel argued this statement went to the appellant's "state of mind and what he was planning on doing – what his plans were." However, after the military judge developed the evidence further through more precise questioning of the escort, trial defense counsel agreed the phrase "I was planning on coming back" referred to a past thought process and was not a "then existing" state of mind or a future plan. Consequently, the military judge sustained the objection and did not admit the statement.

Mil. R. Evid. 803(3) provides the hearsay exception for statements:

[O]f the declarant's *then existing state of mind*, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

(Emphasis added.) This rule generally allows evidence of one's present state of mind and future intent or plans. "It generally does not permit evidence of present memory or belief to prove the existence of a past condition or fact. It thus follows the traditional distinction between statements of present status, including forward-looking statements that do not present memory problems, and backwards-looking statements that do." Stephen A. Saltzburg, et al., *Military Rules of Evidence Manual* § 803.02[4][a], at 8-72 (6th ed. 2006).

The standard of review for a military judge's ruling on the admissibility of evidence is abuse of discretion. *United States v. Mott*, 72 M.J. 319, 329 (C.A.A.F. 2013) (citing *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008)).

We find the military judge did not abuse his discretion. The appellant had already been arrested by the civilian authorities and was in military custody when he made the statement. He certainly had time to think of things to say to improve his predicament. Preventing the admission of such after-the-fact statements is one of the purposes of the rule, and here the military judge could have seen the appellant's statement as self-serving and backwards-looking. Considering the purpose and limitations of Mil. R. Evid. 803(3), such a ruling is not an abuse of discretion. *See*, *e.g.*, *United States v. Ferguson*, 15 M.J. 12 (C.M.A. 1983).

The appellant claims his conviction for desertion under Article 85, UCMJ, is factually insufficient. The facts showed he departed for a three-day leave and was supposed to return to duty on Monday. Rather than returning to his duty station, he returned to his hometown and remained away for 22 days, until his absence was terminated by apprehension. The appellant left some possessions in his on-base quarters when he departed on leave. There was a laptop computer, a DVD player, DVDs, some clothing, food, and toiletries. His closet and dresser drawers were described as "practically empty." A few uniform items, including a belt and service dress hat, were found.

Also in the room was a note written on a piece of paper, listing "Pros" and "Cons." Listed under "Pros" were the words: "Home," "Civillian [sic]," "Spare time," "Work alone," "No More Bitch Work," "Treated like a person," and "Family." Listed under "Cons" were the words: "No Friends," "No Job," and "Reputation."

Other evidence presented to the military judge included testimony that, prior to his departure, the appellant told a supervisor he felt he had "been forced" to join the military due to "family expectations" and that he did not know if he was ready to be in the military. The appellant also asked a supervisor why it was taking so long for him to be discharged and told a friend that he wanted to be discharged. When the appellant's room was searched, there was almost no civilian clothing remaining. The appellant's absence was terminated by apprehension, and he had made no effort to turn himself in.

The appellant asserts his conviction for desertion is factually insufficient because the evidence (primarily the items left behind) showed his intention to return to base, and his fiancée and mother testified he intended to "go back." Although not specifically raised by the appellant, we will consider legal sufficiency as well. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c).

We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

"The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found

all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (citations and internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

Applying these standards to the evidence as summarized above, we find the evidence legally and factually sufficient to prove the appellant's guilt beyond a reasonable doubt.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered with 18 months of the case being docketed before this Court. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *See id*. at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was originally docketed for appeal on 23 March 2012, and this Court rendered a decision on 13 August 2013, under the 18 month-standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no

bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[*] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[*] U.S. CONST. art. II, § 2, cl. 2.

　　　　　　　　　　ACM 38103 (recon)