# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic DON WATKINS, JR.
### United States Air Force

## ACM S32114 (recon)

## 24 July 2014

Sentence adjudged 11 October 2012 by SPCM convened at Joint Base Langley-Eustis, Virginia. Military Judge: Christopher A. Santoro (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 115 days, and a fine of $1,500.00.

Appellate Counsel for the Appellant: Major Bryan A. Bonner; Major Matthew T. King; Captain Thomas A. Smith; and Jack B. Zimmerman (civilian counsel).

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of one specification of failure to go; one specification of resisting apprehension; one specification of willfully damaging military property; and one specification of theft of military property, in violation of Articles 86, 95, 108, and 121, UCMJ, 10 U.S.C. §§ 886, 895, 908, 921. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 115 days, and a fine of $1,500. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning, (25 June 2013).

During the initial appellate review of this matter, the appellant did not raise any assignments of error and submitted his appeal on the merits.

On 11 July 2013, we issued a decision affirming the approved findings and sentence in the appellant's case. *United States v. Watkins Jr.*, ACM S32114 (A.F. Ct. Crim. App. 11 July 2013) (unpub. op.). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of the panel. The appellant moved our Court to vacate the decision on the basis of Mr. Soybel's participation and petitioned our superior court for review on the same issue. *United States v. Watkins Jr.*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. On 15 April 2014, the court issued its decision in *United States v. Janssen*, 73 M.J. 221 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors averring his due process right to speedy appellate processing was violated and requesting sentence relief for non-prejudicial post-trial delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinion issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of docketing the case before this Court. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated

when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *See id*. at 136; *United States v. Roach*, 69 M.J. 17 (C.A.A.F. 2010).

This case was originally docketed for appellate review on 18 December 2012, and this Court rendered its decision on 11 July 2013. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 221. Accordingly, we have considered the appellant's conviction before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[*] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

### *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

### AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[*] U.S. CONST. art. II, § 2, cl. 2.