# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic ANDRE G. GNASH
## United States Air Force

## ACM S32067 (recon)

## 22 August 2014

Sentence adjudged 21 May 2012 by SPCM convened at Moody Air Force Base, Georgia. Military Judge: Joshua E. Kastenberg (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 6 months, and forfeiture of $750 pay per month for 6 months.

Appellate Counsel for the Appellant: Captain Christopher D. James.

Appellate Counsel for the United States: Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and MITCHELL

Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

A military judge, sitting alone as a special court-martial, found the appellant guilty, pursuant to his pleas, of desertion and failing to obey a lawful order to remain within the limits of Moody Air Force Base, Georgia in violation of Articles 85 and 92, UCMJ, 10 U.S.C. §§ 885, 892. The adjudged sentence was a bad-conduct discharge, confinement for 6 months, forfeiture of $750 pay per month for 6 months, and a

reprimand.  The convening authority approved the entire sentence except for the reprimand.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a).  At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force.

During the initial appellate review of this matter, the appellant did not raise any assignments of error and submitted his appeal on the merits. We issued our first decision on 13 February 2013, affirming the findings and sentence.  *United States v. Gnash*, ACM S32067 (A.F. Ct. Crim. App. 13 February 2013) (unpub. op.).  Mr. Soybel was part of the panel that issued the decision.

The appellant then petitioned our superior court for review, but did not identify any issues.  The Court denied the appellant's petition for a grant of review on 16 May 2013.  *United States v. Gnash*, 72 M.J. 385 (C.A.A.F. 2013) (mem.).  On 11 June 2013, the appellant filed a petition for extraordinary relief in the nature of a writ of error coram nobis with our superior court regarding the appointment of Mr. Soybel to our court.  The court denied that petition "without prejudice to re-filing the petition before the United States Air Force Court of Criminal Appeals."  *United States v. Gnash*, 72 M.J. 408 (C.A.A.F. 2013) (mem.).

On 20 June 2013, the appellant filed the same petition for extraordinary relief with this Court, asking us to vacate our prior decision and reconsider the case with a "legally constituted panel."  Meanwhile, on 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

On 2 July 2013, we granted the appellant's petition for extraordinary relief and vacated our prior decision.  That same day, we reconsidered the decision and affirmed the approved findings and sentence.  *United States v. Gnash*, ACM S32067 (recon) (A.F. Ct. Crim. App. 2 July 2013) (unpub. op.).  Mr. Soybel was again a member of the panel.  The appellant then petitioned the Court of Appeals for the Armed Forces for the second time.  On 3 October 2013, our superior court denied the petition for review

without prejudice, noting that the appellant had filed a motion to vacate with this Court on 3 September 2013.  *United States v. Gnash*, 73 M.J. 75 (C.A.A.F. 2013) (mem.).

On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the appellant's motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors.  In a supplemental assignment of error, the appellant asserted he is entitled to relief due to unreasonable appellate delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court.  We affirm the findings and sentence in this matter.

*Appellate Review Time Standards*

The appellant argues his due process right to speedy appellate processing was violated under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), and *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), because more than 18 months have passed since the record of trial was originally docketed with our Court in July 2012.

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt."  *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *See Moreno*, 63 M.J. at 142.  The *Moreno* standards continue to apply as a case remains in the appellate process.  *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *See id*. at 136; *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). However, when a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*.  *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011).  Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530.

This case was originally docketed with this Court on 2 July 2012.  This Court rendered an initial decision on 13 February 2013 and a decision on reconsideration on 2 July 2013.  Neither of these decisions were issued more than 18 months after docketing;

therefore, there is no *Moreno* presumption of unreasonable delay in our original review of the case. As stated earlier in this opinion, our superior court recently decided that one of the judges who participated in those decisions was not properly appointed, and subsequently the appellant's case remained in the appellate process. The time between our superior court's action to return the record of trial to our Court for our action and this decision did not exceed 18 months; again, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136. Assuming the total appellate processing of this case raises a presumption of unreasonable delay, we conclude the delay was harmless under the *Barker* analysis.

While we find the post-trial delay was harmless, that does not end our analysis. Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing in any stage of the appellate review of this matter. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression: whether the Secretary of Defense has the authority under the Appointments Clause[*] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

## Conclusion

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[*] U.S. CONST. art II § 2, cl 2.

ACM S32067 (recon)