**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class ALPHONSO K. DIXON**
**United States Air Force**

**ACM S32061 (rem)**

**08 July 2015**

Sentence adjudged 3 April 2012 by SPCM convened at Peterson Air Force Base, Colorado. Military Judge: Scott E. Harding (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 165 days, forfeitures of $994.00 pay per month for 5 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Christopher D. James.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Jennifer A. Porter; Lieutenant Colonel C. Taylor Smith; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER,[1] and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of two specifications of being absent without leave and one specification each of wrongful use of marijuana and cocaine on divers occasions in

---

[1] Judge Weber participated in this decision prior to his transfer from this court.

violation of Articles 86 and 112a, UCMJ, 10 U.S.C. §§ 886, 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 165 days, forfeiture of $994 pay per month for 5 months, and reduction to the grade of E-1.

On appeal, the appellant asserts that the military judge erred when he found that the 117 days the appellant spent in pretrial confinement did not violate his right to speedy trial under Article 10, UCMJ, 10 U.S.C. § 810. In a supplemental assignment of error, the appellant asserts that the time between his court-martial in 2012 and this decision in 2015 amounts to unreasonable post-trial delay warranting relief. We disagree on both issues and affirm the findings and sentence.

*Background*

On 5 October 2011, the appellant failed to show at his squadron at the normal duty time of 0715. Supervisors from his squadron found him at an off-base residence which had an overwhelming marijuana miasma. Based on probable cause, a urine sample was obtained that day. On 27 October 2011, the urinalysis result returned positive for both marijuana and cocaine. That same day a second urine sample was obtained which also returned positive for marijuana and cocaine.

On 9 November 2011, the appellant informed his supervisor that he would be late to work as he was at the Denver airport and his car had been towed. The appellant did not return to his unit on Peterson Air Force Base (AFB), Colorado, until a month later on 9 December 2011. When he returned, the appellant smelled of marijuana. He consented to provide another urine sample and remarked, "This will probably come back positive." He was correct and the sample returned positive for marijuana.

The appellant was ordered into pretrial confinement on 9 December 2011 and remained there until his trial on 3 April 2012. He was in pretrial confinement for 117 days.

*Procedural History*

On 25 June 2013, the Secretary of Defense appointed a civilian employee of the Department of the Air Force, who was also a retired Air Force officer and a former active duty appellate military judge, to serve as an appellate military judge on the Air Force Court of Criminal Appeals. When the appellant's case was initially before us, the appellant argued that the military judge erred in his determination that the pretrial confinement did not violate Article 10, UCMJ. We disagreed and issued a decision in which we affirmed the findings and sentence. *United States v. Dixon,* ACM S32061 (A.F. Ct. Crim. App. 4 September 2013) (unpub. op.). The civilian employee was a member of the panel that decided the appellant's case.

On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that the earlier appointment was "invalid and of no effect." On 11 March 2015, our superior court concluded the improper appointment of the civilian employee by the Secretary of Defense was not waived by an earlier failure to object. *United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Pursuant to *Janssen* and *Jones*, our superior court reversed our decision in this case and remanded it to us for a new review under Article 66, UCMJ, 10 U.S.C. § 866, before a properly constituted panel. *United States v. Dixon*, ___ M.J. ___ No. 14-0157/AF (Daily Journal 30 March 2015). In addition to reviewing the prior pleadings, we issued an order authorizing the appellant to file a supplemental briefing.

In light of this ruling by our superior court, we have reviewed the appellant's case. Our review includes the appellant's previous filings and the previous opinion issued by this court, as well as a supplemental assignment of errors in which the appellant asserts he is entitled to relief due to excessive post-trial processing delays. Finding no error, we affirm the findings and the sentence.

*Article 10 Speedy Trial*

At trial, the appellant filed a motion to dismiss the charges and specifications for a violation of Article 10, UCMJ.[2] The military judge considered the evidence presented by both trial and defense counsel. After making findings of fact, the military judge denied the defense motion.

"Article 10, UCMJ, ensures a servicemember's right to a speedy trial by providing that upon 'arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.'" *United States v. Cossio*, 64 M.J. 254, 255 (C.A.A.F. 2007) (quoting Article 10, UCMJ). Violation of an appellant's speedy trial rights under Article 10, UCMJ, is a question of law which we review de novo; however, we are bound by the facts found by the military judge unless they are clearly erroneous. *Id*. at 256; *United States v. Wilson*, 72 M.J. 347, 350 (C.A.A.F. 2013).

*Findings of Fact*

The military judge's findings of fact were not clearly erroneous. The appellant was ordered into pretrial confinement on 9 December 2011. A pretrial confinement hearing was held on 12 December 2011. The pretrial confinement review officer

---

[2] The appellant pled guilty pursuant to a pretrial agreement (PTA). One of the provisions of the PTA required the appellant "to waive all motions." Both trial counsel and the trial defense counsel agreed that this provision did not apply to the motion to dismiss for violation of Article 10, UCMJ, 10 U.S.C. § 810.

finalized a written report on 14 December 2011, which recommended continued pretrial confinement for the appellant.

On Friday, 6 January 2012, the government received notification of the positive result of the urine sample obtained from the appellant on 9 December 2011. On Tuesday, 10 January 2012, trial counsel requested the urine sample bottle and complete drug testing report from the Air Force Drug Testing Laboratory (AFDTL). These items were received at Peterson AFB on 30 January 2012.

Charges were preferred on 18 January 2012 with a recommendation that the charges be referred to a general court-martial (GCM). On 23 January 2012, an investigation in accordance with Article 32, UCMJ, 10 U.S.C. § 832, was held. On 30 January 2012, the Article 32 Report was completed and recommended trial by GCM.

On 28 January 2012, trial defense counsel made a speedy trial demand to the prosecution. On 7 February 2012, the prosecution contacted AFDTL to arrange for an expert witness. The next available date for an expert was 3 April 2012. On 9 February 2012, the General Court-Martial Convening Authority decided not to refer the charges to a GCM and returned them to the Special Court-Martial Convening Authority (SPCMCA). The SPCMCA referred the charges and specifications to a special court-martial on 14 February 2012. Those charges were served on the appellant the next day.

On 16 February 2012, a docketing conference was held; trial defense counsel indicated his next available date was 27 February 2012. Trial counsel explained that due to the availability of an expert, the earliest they would be ready for trial was 3 April 2012. The trial was docketed for 3 April 2012.

The record of trial also contains the following information: The appellant experienced "some anxiety and stress" due to the pretrial confinement. However, there was no evidence that his preparation for trial, defense evidence, trial strategy, or ability to present witnesses was compromised. Trial defense counsel requested the appointment of an expert consultant in forensic toxicology on 26 January 2012. The convening authority approved the request on 29 February 2012. By 23 March 2012, the appellant had consulted with his appointed expert and as part of the pretrial agreement offered to waive any future funding of that expert.[3]

*Article 10 Analysis*

The right to a speedy trial is a fundamental constitutional right under Article 10, UCMJ, imposing on the military prosecution a more stringent standard than that required

---

[3] Trial defense counsel stated his case-ready date was two days prior to the appointment of the expert consultant. Either he was ready to proceed to trial without an expert consultant or intended to file a motion to compel.

by the Sixth Amendment.[4]  *Wilson*, 72 M.J. at 350–51; *United States v. Kossman*, 38 M.J. 258, 259 (C.M.A. 1993).

"The standard of diligence under which we review claims of a denial of speedy trial under Article 10[, UCMJ,] 'is not constant motion, but reasonable diligence in bringing the charges to trial.'" *United States v. Mizgala*, 61 M.J. 122, 127 (C.A.A.F. 2005) (citing *United States v. Tibbs*, 35 C.M.R. 322, 325 (C.M.A. 1965)). "Short periods of inactivity are not fatal to an otherwise active prosecution." *Id*. "Our framework to determine whether the Government proceeded with reasonable diligence includes balancing the following four factors:  (1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *Wilson*, 72 M.J. at 351 (quoting *Mizgala*, 61 M.J. at 129) (brackets and internal quotations omitted).  The first factor is to some extent a triggering mechanism. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Cossio*, 64 M.J. at 257.

We find that 117 days of continuous pretrial confinement after a speedy trial request was made by the appellant is sufficient to trigger the full *Barker* analysis and therefore analyze the remaining three factors.  There is only one period of significant inactivity which warrants special focus:  the time from the appellant's putative trial-ready date of 27 February 2012 to the government's case-ready date of 3 April 2012.  This short delay due to the unavailability of a forensic toxicologist from AFDTL was reasonable. *See Cossio*, 64 M.J. at 257.  Although the appellant argues the government could have sought out the services of an independent forensic toxicologist, given the issues of testimonial hearsay[5] it is reasonable for the government to wait for an expert from the facility that performed the drug tests as long as the delay is not excessive.  To evaluate the prejudice factor, our superior court explained, "we are concerned not with the normal anxiety and concern experienced by an individual in pretrial confinement, but rather with some degree of particularized anxiety and concern greater than [that]." *Wilson*, 72 M.J. at 354.  The military judge found that the appellant experienced only that normal level of anxiety incident to confinement.  We agree and find there was no prejudice.

We weigh all the factors collectively before deciding whether an appellant's right to a speedy trial has been violated. *Id*. at 254–55.  Based on the findings of fact and after our de novo review of the Article 10, UCMJ, factors, we conclude that the appellant's right to a speedy trial was not violated.

---

[4] U.S. CONST. amend. VI.

[5] *See United States v. Tearman*, 72 M.J. 54 (C.A.A.F. 2013); *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011); *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010).

The appellant argues, citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), that the unreasonable post-trial delay from the date the case was first docketed with this court in June 2012 until this opinion warrants relief. The appellant further cites *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), noting this court's responsibility to affirm only those findings and sentence that should be approved.

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of docketing the case before this court. *Moreno*, 63 M.J. at 142. The *Moreno* standards continue to apply as a case continues through the appellate process; however, the *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013); *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). The time from the initial docketing in June 2012 until our initial decision in September 2013 did not exceed 18 months. The time between our superior court's action to return the record of trial to our court for our action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136. We reject the appellant's argument that, because the Secretary of Defense's appointment of the civilian employee was invalid and of no effect, the *Moreno* clock was not tolled by our first decision.[6]

Additionally, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224;

---

[6] Alternatively, if the standards set forth in *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), are violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2014). Here the appellant concedes he did not make a demand for speedy appellate processing until his supplemental pleading on 4 May 2015. The appellant has also not made any showing of prejudice but asks this court to infer it. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced that even if there is error, it is harmless beyond a reasonable doubt.

*see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Gay*, __ M.J. __, ACM 38525 (A.F. Ct. Crim. App. 12 June 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide any meaningful relief. *Id.*, slip op. at 11. No single factor is dispositive and we may consider other factors as appropriate. *Id.*, slip op. at 12. After considering the relevant factors in this case, we determine that no relief is warranted. As addressed *supra*, no period of appellate review exceeded the *Moreno* standards. Even analyzing the entire period from the time the case was first docketed until today, we find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay after our initial decision was to allow this court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[7] to appoint civilian employees to the service courts of criminal appeals. *See Janssen*, 73 M.J. at 221. While the answer may seem clear now with the advantage of subsequent decisions, we note that the appellant's initial petition to our superior court did not specify the appointment as an error. We find no evidence of harm to the integrity of the military justice system by allowing the full appellate review of this novel issue. The appellant has not articulated any harm. At most the appellant asks us to infer increased anxiety; we decline to do so. Furthermore, the impact of any delay was mitigated when we specifically allowed the appellant to file a supplemental assignment of error. We have the authority to tailor an appropriate remedy without giving the appellant a windfall. *See Tardif*, 57 M.J. at 225. Based on our review of the entire record, we conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[7] U.S. CONST. art. II, § 2, cl. 2.