UNITED STATES, Appellee

v.

William R. JONES, Second Lieutenant
U.S. Air Force Appellant

No. 14-0057

Crim. App. No. 38028

United States Court of Appeals for the Armed Forces

Argued November 19, 2014

Decided March 11, 2015

STUCKY, J., delivered the opinion of the Court, in which BAKER, C.J., and ERDMANN, RYAN, and OHLSON, JJ., joined.


<u>Counsel</u>


For Appellant:  Captain Jeffrey Davis (argued); Major Zaven T. Saroyan.


For Appellee:  Captain Richard J. Schrider (argued); Major Daniel J. Breen and Gerald R. Bruce, Esq. (on brief); Major Charles G. Warren.


Military Judge:  Matthew Van Dalen


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge STUCKY delivered the opinion of the Court.

We granted review to consider whether the de facto officer doctrine conferred validity upon Laurence Soybel's participation in the judgment of the United States Air Force Court of Criminal Appeals (CCA) in this case, despite the invalidity of his appointment as a judge to that court. We hold that because the defect in this appointment was not merely technical, but fundamental, the de facto officer doctrine cannot apply.

## I.  Background

Contrary to Appellant's pleas, an officer panel convicted him of drunk driving, assault consummated by a battery, and conduct unbecoming an officer and a gentleman. Articles 111, 128, 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 911, 928, 933 (2012). The convening authority approved the adjudged sentence of a dismissal, confinement for six months, and forfeiture of all pay and allowances. With Mr. Soybel -- a retired judge advocate colonel who had not been recalled to active duty -- on the panel, the CCA issued a judgment affirming the findings and sentence. United States v. Jones, No. 38028, 2013 CCA LEXIS 314, at *2-3, 2013 WL 1910841, at *1 (A.F. Ct. Crim. App. Apr. 15, 2013) (per curiam). On reconsideration, with Mr. Soybel again sitting on the case, the CCA vacated its previous judgment and again affirmed the findings and sentence. United States v. Jones, No. 38028 (recon), 2013 CCA LEXIS 630,

2

at *3, 2013 WL 3971615, at *1 (A.F. Ct. Crim. App. July 23, 2013).

The details of Mr. Soybel's appointment are discussed at length in <u>United States v. Janssen</u>, 73 M.J. 221, 222 (C.A.A.F. 2014). Mr. Soybel was purportedly appointed as an appellate military judge first by the Judge Advocate General of the Air Force, and then by the Secretary of Defense. <u>Id.</u> These appointments were invalid under the Appointments Clause of the Constitution, U.S. Const. art. II, § 2, cl. 2. 73 M.J. at 225. We declined to apply the de facto officer doctrine to the appellant in <u>Janssen</u> following the reasoning in <u>Ryder v. United States</u>, 515 U.S. 177, 182-84 (1995). 73 M.J. at 225-26. Among other reasons, Janssen had not been notified that Mr. Soybel was on the panel until the date of the CCA's judgment, and thus could not have known to challenge his participation at the appropriate time. <u>Id.</u> That is not the case here: a Notice of Special Panel, as well as a reconsidered opinion were issued on July 23, 2013, but Appellant made no challenge to Mr. Soybel's participation on that panel in Appellant's second motion for reconsideration on September 20, 2013. Given that Appellant was on notice of Mr. Soybel's participation but failed to challenge it below, we are obliged to assess whether or not this compels a different result from that reached in <u>Janssen</u>.

## II. Discussion

The de facto officer doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." Ryder, 515 U.S. at 180, quoted in Nguyen v. United States, 539 U.S. 69, 77 (2003). The Supreme Court has indicated, however, that the doctrine will not apply when the officer's deficiency is "fundamental." Nguyen, 539 U.S. at 79.

Citing Ryder and Janssen, the Government urges that we treat the issue of Mr. Soybel's appointment as forfeited by the failure of Appellant to raise the issue prior to petitioning this Court.[1] The problem with this approach is that it ignores the consistent treatment of the de facto officer doctrine by the Supreme Court, which has drawn a distinction between deficiencies which are "merely technical" and may be forfeited if not timely raised, and those which "embod[y] a strong policy

---

[1] The Government also attempts to draw a distinction, based on administrative agency cases of doubtful relevance, between "direct" and "collateral" attacks on the validity of official action. Essentially, the argument is that waiver applies to "collateral" attacks that the incumbent improperly holds the office, not to "direct" attacks that the incumbent lacks qualifications to hold the office. This argument ignores the Supreme Court's caution against extending civil cases which may impliedly apply a form of the de facto officer doctrine beyond their facts. Ryder, 515 U.S. at 183–84. It also places the Government in the strange position of arguing that Mr. Soybel's possession of some judicial experience and a law license immunizes his appointment against constitutional attack.

concerning the proper administration of judicial business," which the Court will reach on direct review whether raised below or not.  Glidden Co. v. Zdanok, 370 U.S. 530, 535–36 (1962) (plurality opinion); see Nguyen, 539 U.S. at 77–80.

The holding in Nguyen controls the outcome of this case. In Nguyen, the Chief Judge of the United States Court of Appeals for the Ninth Circuit designated an Article IV territorial judge, the Chief Judge of the District Court for the Northern Mariana Islands, to sit on a Ninth Circuit panel when that court conducted a special sitting in the Territory of Guam.  Id. at 71–72.  The President, with the Senate's advice and consent, had appointed the Chief Judge of the Northern Mariana Islands for a fixed term, removable for cause.  Id. at 73; see 48 U.S.C. § 1821(b)(1) (2012).  No objection was made at the time to the judge's sitting, nor was rehearing sought.  Nguyen, 539 U.S. at 73.  The issue was not raised until certiorari was sought at the Supreme Court.  Id.  The Court refused to apply the de facto officer doctrine, stating that the statute in question, 28 U.S.C. § 292(a) (2012), which regulated the designation of U.S. district judges to sit on the courts of appeals, "embodies weighty congressional policy concerning the proper organization of the federal courts."  539 U.S. at 79.  Holding that the reference to "district judges" in the statute was limited to those appointed to serve during good behavior under Article III

of the Constitution, the Court vacated and remanded for consideration of the appeal by a properly constituted panel of the Ninth Circuit.  Id. at 83.

If the de facto officer doctrine did not apply in Nguyen, it cannot, a fortiori, apply in this case.  In Nguyen, there was no question as to the validity of the Northern Marianas Chief Judge's appointment.  He had been properly appointed to his office by the President, with Senate advice and consent, as provided in the relevant statute.  48 U.S.C. § 1821(b)(1) (2012).  The problem was that he was designated to sit on a panel of the Ninth Circuit in violation of the statute governing such designations.  The purported appointment of Mr. Soybel as an appellate military judge by the Secretary of Defense, in contrast, was wholly without statutory authority.  It was therefore required to be made by the President, with Senate advice and consent, as provided in the Appointments Clause. U.S. Const. art. II, § 2, cl. 2; see Edmond v. United States, 520 U.S. 651, 660 (1997); Janssen, 73 M.J. at 225.  The error in this case was therefore of constitutional dimensions -- certainly "fundamental" by any reckoning.  Having found fundamental error, we decline to apply forfeiture and hold that,

consistent with Nguyen, the de facto officer doctrine does not apply.[2]

### III.  Judgment

The decision of the United States Air Force Court of Criminal Appeals is reversed.  The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, UCMJ, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.

---

[2] "A fortiori is this [refusal to apply forfeiture] so when the challenge is based upon nonfrivolous constitutional grounds." Glidden, 370 U.S. at 536.