Monday, March 30, 2015

No. 14–0033/AF. U.S. v. Anthony L.W. Peacock. CCA 38043. On consideration of the granted issue, 73 M.J. 230 (C.A.A.F. 2014), and the judgment of the United States Air Force Court of Criminal Appeals, *United States v. Peacock*, No. 38043 (A.F. Ct. Crim. App. Apr. 26, 2013), we conclude that the appointment of Laurence Soybel as an appellate military judge was unconstitutional and fundamentally deficient, and that therefore the issue of his participation on the panel was not waived by a failure to object. *See United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Therefore, it is ordered that the judgment of the United States Air Force Court of Criminal Appeals is reversed, and the record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.

No. 14–0060/AF. U.S. v. Jeremy J. Grawey. CCA S32029. United States Air Force Court of Criminal Appeals, *United States v. Grawey*, No. S32029 (A.F. Ct. Crim. App. Jul. 22, 2013), we conclude that the appointment of Laurence Soybel as an appellate military judge was unconstitutional and fundamentally deficient, and that therefore the issue of his participation on the panel was not waived by a failure to object. *See United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Therefore, it is ordered that the judgment of the United States Air Force Court of Criminal Appeals is reversed, and the record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.

No. 14–0125/AF. U.S. v. Danny L. Annis. CCA 38001. On consideration of the granted issue, 73 M.J. 138 (C.A.A.F. 2013), and the judgment of the United States Air Force Court of Criminal Appeals, *United States v. Annis*, No. 38001 (A.F. Ct. Crim. App. Aug. 19, 2013), we conclude that the appointment of Laurence Soybel as an appellate military judge was unconstitutional and fundamentally deficient, and

that therefore the issue of his participation on the panel was not waived by a failure to object. *See United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Therefore, it is ordered that the judgment of the United States Air Force Court of Criminal Appeals is reversed, and the record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.

No. 14–0138/AF. U.S. v. Danny M. Burns. CCA 37847. On consideration of the granted issue, 73 M.J. 138 (C.A.A.F. 2013), and the judgment of the United States Air Force Court of Criminal Appeals, *United States v. Burns*, No. 37847 (A.F. Ct. Crim. App. Jul. 24, 2013), we conclude that the appointment of Laurence Soybel as an appellate military judge was unconstitutional and fundamentally deficient, and that therefore the issue of his participation on the panel was not waived by a failure to object. *See United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Therefore, it is ordered that the judgment of the United States Air Force Court of Criminal Appeals is reversed, and the record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.

No. 14–0156/AF. U.S. v. Devon P. Johnson. CCA S32047. On consideration of the granted issue, 73 M.J. 138 (C.A.A.F. 2013), and the judgment of the United States Air Force Court of Criminal Appeals, *United States v. Johnson*, No. S32047 (A.F. Ct. Crim. App. Sep. 4, 2013), we conclude that the appointment of Laurence Soybel as an appellate military judge was unconstitutional and fundamentally deficient, and that therefore the issue of his participation on the panel was not waived by a failure to object. *See United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Therefore, it is ordered that the judgment of the United States Air Force Court of Criminal Appeals is reversed, and the record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.

No. 14–0157/AF. U.S. v. Alphonso K. Dixon. CCA S32061. On consideration of the granted issue, 73 M.J. 138 (C.A.A.F. 2013), and the judgment of the United States Air Force Court of Criminal Appeals, *United States v. Dixon*, No. S32061 (A.F. Ct. Crim. App. Sep. 4, 2013), we conclude that the appointment of Laurence Soybel as an appellate military judge was unconstitutional and fundamentally deficient, and that therefore the issue of his participation on the panel was not waived by a failure to object. *See United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Therefore, it is ordered that the judgment of the United States Air Force Court of Criminal Appeals is reversed, and the record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), before a properly constituted panel of that court.