**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Second Lieutenant WILLIAM R. JONES**
**United States Air Force**

**ACM 38028 (rem)**

**4 February 2016**

Sentence adjudged 29 July 2011 by GCM convened at Laughlin Air Force Base, Texas. Military Judge: Matthew D. Van Dalen.

Approved Sentence: Dismissal, confinement for 6 months, and forfeiture of all pay and allowances.

Appellate Counsel for Appellant: Major Jeffery A. Davis; Major Travis K. Ausland; and Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Colonel Linell A. Letendre; Lieutenant Colonel Roberto Ramirez; Major Rhea A. Lagano; Major Meredith L. Steer; Major Erika L. Sleger; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and BROWN
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of drunk driving, assault consummated by a battery, and conduct unbecoming an officer, in violation of Articles 111, 128, and 133, UCMJ, 10 U.S.C. §§ 911, 928, 933. The court sentenced him to a dismissal, confinement for six months,

and forfeiture of all pay and allowances.  The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed a retired Air Force officer and former appellate military judge, who was serving as a civilian litigation attorney in the Department of the Air Force, to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a).  On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that appointed the same civilian employee of the Department of the Air Force to serve as an appellate military judge on the Air Force Court of Criminal Appeals.  Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When Appellant's case was initially before us, he argued that we should find error in the military judge's denial of a challenge for cause, despite Appellant's decision to not exercise a peremptory challenge.  He also supplemented his initial assignments of error with four additional errors submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  The supplemental errors were that his counsel were ineffective, the military judge erred in denying Appellant the right to find new counsel, the military judge erred in denying a request for an expert consultant in forensic pathology, and the evidence on the charge of drunk driving in violation of Article 111, UCMJ, was legally and factually insufficient.

On 15 April 2013, this court issued a decision in which we affirmed the findings and sentence after examining the five raised issues.  *United States v. Jones*, ACM 38028 (A.F. Ct. Crim. App. 15 April 2013) (unpub. op.).  The appointed civilian employee was a member of the panel that decided the case.  Following the appointment by the Secretary of Defense, this court reconsidered its decision sua sponte.  Within 60 days, this court provided notice it would reconsider the decision and thus retained jurisdiction over the case.  *Cf. United States v. Labella,* 75 M.J. 52 (C.A.A.F. 2015) (failure to file notice of reconsideration within 60 days ends service court's jurisdiction over a case).  On 23 July 2013, we issued a new opinion and again affirmed the findings and sentence.  *United States v. Jones*, ACM 38028 (recon) (A.F. Ct. Crim. App. 23 July 2013) (unpub. op.).

On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that the earlier appointment was "invalid and of no effect."  On 11 March 2015, our superior court concluded the improper appointment of the civilian employee by the Secretary of Defense was not waived by an earlier failure to object.  *United States v.*

*Jones*, 74 M.J. 95 (C.A.A.F. 2015). Our superior court reversed our decision and remanded the case to us for a new review under Article 66, UCMJ, before a properly constituted panel. *Id.* In addition to reviewing the prior pleadings, we issued an order authorizing Appellant to file a supplemental briefing.

In light of this ruling by our superior court, we have reviewed Appellant's case. Our review includes Appellant's previous filings and the previous opinions issued by this court, as well as a supplemental assignment of error in which Appellant asserts he is entitled to relief due to excessive post-trial processing delays and there was error in the sentencing instructions provided by the military judge. Finding prejudicial error in the military judge's failure to provide one of the mandatory sentencing instructions, we adjust the sentence to remove any prejudicial effect. We affirm the findings.

## *Challenge for Cause*

Concerning the challenge for cause, we find the issue waived. Appellant challenged a panel member for implied bias, citing primarily the member's interaction on disciplinary matters with other squadron commanders to include the commander who preferred charges against Appellant. The military judge denied the challenge and provided a detailed explanation for his decision which expressly referenced the liberal grant mandate. Shortly thereafter, trial defense counsel elected not to exercise a peremptory challenge. Failure to exercise a peremptory challenge against any member by the party who makes an unsuccessful challenge for cause waives further review. Rule for Courts-Martial (R.C.M.) 912(f)(4). This issue is waived and Appellant is not entitled to relief.

Appellant argues that, nonetheless, we should review the military judge's decision based on the judge's sua sponte ability to excuse a member in the interest of justice even if a challenge is not made. R.C.M. 912(f)(4). While a military judge has the discretionary authority to sua sponte excuse a member, there is no duty to exercise this power. *United States v. McFadden*, 74 M.J. 87, 90 (C.A.A.F. 2015). We are not convinced to exercise our authority under Article 66, UCMJ, to review this discretionary authority of the military judge. We apply waiver. *Cf. United States v. Akbar*, 74 M.J. 364, 395–97 (C.A.A.F. 2015) (explaining why the military judge did not abuse his discretionary authority to sua sponte remove members).

## *Release of Counsel*

After the Government rested its case in chief and an overnight recess, trial defense counsel motioned for a continuance so Appellant could pursue hiring a forensic pathologist he contacted the day before. Previously, trial defense counsel filed a motion to compel the appointment of an expert consultant in forensic pathology and after that motion was denied, filed a motion for reconsideration which was also denied. After the

military judge denied the continuance, Appellant requested to release his counsel. Earlier in the proceeding, after the military judge explained the rights to counsel and then asked Appellant who he wanted to have represent him, Appellant indicated he desired to be represented by his detailed counsel and did not express any dissatisfaction with their appointment. Appellant now indicated that prior to trial he made a specific request for a particular defense counsel, but this request was denied. The military judge questioned Appellant further about his request to release counsel. In response to Appellant's declared belief that the release of counsel would result in a "brand new trial," the military judge explained that although new counsel could file a motion for a mistrial, that motion would not have to be granted. The military judge also explained that Appellant could proceed pro se. After receiving this information, Appellant stated that "based upon the information I just received, I would like to continue with my counsel." The military judge stated that he viewed that statement as Appellant withdrawing his request to release his counsel and, therefore, did not rule on the motion.

The military judge's explanation to Appellant was correct. The military judge had the option to deny a continuance to obtain new counsel. We would have reviewed the denial of the continuance for an abuse of discretion. *United States v. Wiest*, 59 M.J. 276, 279 (C.A.A.F. 2004). A mistrial is a drastic remedy and is to be used sparingly; we review a decision to deny a motion for a mistrial for clear evidence of an abuse of discretion. *United States v. Thompkins*, 58 M.J. 43, 47 (C.A.A.F. 2003). There is no guarantee that the military judge would have been compelled to grant a motion for a continuance for new counsel to be detailed or hired, nor would it have been guaranteed that a mistrial would have been required if new counsel became involved. We conclude that the military judge instructed Appellant accurately. Appellant knowingly and intelligently, while perhaps also reluctantly, withdrew his request to release his counsel. Appellant waived his request for new counsel. We find no error.

*Sentencing Instructions*

Rule for Courts-Martial 1005(e)(4) requires that the members be instructed that "they are solely responsible for selecting an appropriate sentence and may not rely on the possibility of any mitigating action by the convening or higher authority." Although the military judge provided the other R.C.M. 1005(e) mandatory instructions, this instruction was not given by the military judge in either his written or oral instructions. Trial defense counsel did not object.

The adequacy of a military judge's instructions is reviewed de novo. *United States v. Dearing*, 63 M.J. 478, 482 (C.A.A.F. 2006). "The military judge bears the primary responsibility for ensuring that mandatory instructions . . . are given and given accurately." *United States v. Miller*, 58 M.J. 266, 270 (C.A.A.F. 2003); *see also* R.C.M. 920(a). We find plain error in the military judge's failure to provide this mandatory instruction. Having found error, we test for prejudice. *Id.* at 271.

The military judge accurately instructed the members on the maximum punishment. He further instructed that it was the duty of each member to vote for a proper sentence and their "determination of the kind and amount of punishment, if any, [was] a grave responsibility requiring the exercise of wise discretion." The military judge also instructed the members that they "alone [were] responsible for determining an appropriate sentence in this case."

During trial, there was one reference to the convening authority's ability to impact or affect the sentence imposed by the members. The military judge orally instructed the members that, "when the accused has dependents, the convening authority may direct that any or all of the forfeiture of pay which the accused otherwise by law would be required to forfeit, be paid to the accused's dependents for a period not to exceed six months." Upon realizing that Appellant did not have any dependents, however, the military judge did not include this portion of his oral instructions in the written version he provided to the members.

Trial counsel argued for a dismissal, 12 months of confinement, and forfeiture of all pay and allowances. The members adjudged a sentence to a dismissal, confinement for 6 months, and forfeiture of all pay and allowances.

Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.A.A.F. 1986); *see also United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985). Here, the only reference to later mitigation by the convening authority involved potential forfeitures, and that fleeting reference was not further explained, clarified, or repeated in the written instructions or otherwise. This raises the potential that the military judge's failure to caution the members not to rely on potential mitigation by the convening authority could have impacted their decision to impose forfeiture of all pay and allowances in this case. *But see United States v. Irizarry*, ACM 37748 (A.F. Ct. Crim. App. 15 March 2012) (unpub. op.) (finding the omission of this same instruction did not prejudice the appellant). This prejudicial error is cured by not affirming the forfeiture of all pay and allowances portion of this sentence. The remaining sentence of a dismissal and 6 months confinement is free of any prejudicial effects of the error.

*Appellate Review Time Standards*

Appellant argues, citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), that the unreasonable post-trial delay from the date the case was first docketed with this court in March 2012 until this opinion warrants relief. Appellant further cites to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), noting this court's

broad power and responsibility to affirm only those findings and sentence that should be approved.

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this court. *Moreno*, 63 M.J. at 142. The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *Id.* at 136; *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). If a delay is presumptively unreasonable it triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530.

This case was originally docketed with this court on 25 October 2011. The time from that initial docketing until our initial decision on 15 April 2013 did not exceed 18 months and is therefore not facially unreasonable. We then sua sponte reconsidered our decision and issued an opinion on 23 July 2013, more than 20 months after the initial docketing. The *Moreno* standards were developed to deter excessive systemic delays in post-trial and appellate processing. *Moreno*, 63 M.J. at 142. We decline to adopt a time standard that would discourage reconsideration, either sua sponte or at the request of either party. When the initial decision is issued within the 18-month *Moreno* standard but the subsequent decision on reconsideration is more than 18 months after docketing, we will not presume an unreasonable delay; instead, we will focus on the standards established in *Barker*. The first factor is a threshold one; the full due process analysis is not triggered unless the delay is facially unreasonable. *Moreno*, 63 M.J. at 136; *see also United States v. Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004). We conclude that three months for reconsideration is not unreasonable, and therefore we do not examine the remaining *Barker* factors.

We also examine the time subsequent to our July 2013 decision. The *Moreno* standards continue to apply as a case continues through the appellate process. *Mackie*, 72 M.J. at 135–36. The time between our superior court's action to return the record of trial to our court for our action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See id.* at 136. Appellant argues that, because neither of the previous decisions were issued by a properly constituted panel, we should consider the time from initial docketing until this opinion as

uninterrupted for *Moreno* analysis. We reject Appellant's argument that, because the Secretary of Defense's appointment of the civilian employee was invalid and of no effect, the *Moreno* clock was not tolled by our earlier decisions.[1]

Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Bischoff*, 74 M.J. 664, 672 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. "Among the non-prejudicial factors are the length and reasons for the delay, the length and complexity of the record, the offenses involved, and the evidence of bad faith or gross negligence in the post-trial process." *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.* After considering the relevant factors in this case, we determine that no relief is warranted. Even analyzing the entire period from the time the case was first docketed until today, we find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay after our initial decision was to allow this court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. *See Janssen*, 73 M.J. at 221. While the answer may seem clear now with the advantage of subsequent decisions, we find no evidence of harm to the integrity of the military justice system by allowing the full appellate review of this novel issue. Appellant has not articulated any harm. At most, Appellant asks us to infer increased anxiety; we decline to do so. Furthermore, the impact of any delay was mitigated when we specifically allowed Appellant to file a supplemental assignment of error and we have granted relief on an issue that was not raised in his initial assignment of error. We have the authority to tailor an appropriate remedy without giving Appellant a windfall. *See Tardif*, 57 M.J. at 225. We have expressly considered whether we should further reduce some or all of

---

[1] Alternatively, if the standards set forth in *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), are violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 507 U.S. at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2013). Appellant has not made any showing of prejudice, beyond referencing the general "anxiety and concern" of appellants awaiting resolution of their appeal. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced that even if there is error, it is harmless beyond a reasonable doubt.

[2] U.S. CONST. art. II, § 2, cl. 2.

Appellant's sentence. Based on our review of the entire record, we conclude that additional sentence relief under Article 66, UCMJ, is not warranted.

*Other Assignments of Error*

We have considered the remaining assignments of error and find them to be without merit. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

*Conclusion*

We affirm a sentence to a dismissal and 6 months of confinement. The approved findings and the sentence, as adjusted, are correct in law and fact, and no error prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and Article 66(c), UCMJ. Accordingly, the approved findings and the sentence, as adjusted, are **AFFIRMED**.

ALLRED, Chief Judge (concurring in part and dissenting in part):

In my view any error in the trial judge's failure to instruct the court members regarding possible mitigating action by the convening or higher authority was harmless. *See United States v. Irizarry*, ACM 37748 (A.F. Ct. Crim. App. 15 March 2012) (unpub. op.). Accordingly, I dissent from that portion of the majority opinion which grants relief by refusing to affirm the adjudged forfeiture of all pay and allowances.

In all other respects, I concur with Senior Judge Mitchell's opinion.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist